**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DON EARL PAYNE**                                                                                              **PLAINTIFF**

**v.**                                   **CASE NO: 3:14CV00213 BSM**

**ALVARO BALTAZAR;
CENTRAL TRANSPORT, INC;
CENTRAL TRANSPORT, LLC**                                                              **DEFENDANTS**

**ORDER**

Plaintiff Don Earl Payne's motion to remand [Doc. No. 7] is denied.  Payne is an Arkansas resident who filed this case in the Crittenden County Circuit Court against three citizens of other states for injuries sustained in a car accident.  He is seeking compensatory damages in a "sum of $75,000 or less," and punitive damages.  Defendants removed the case pursuant to 28 U.S.C. 1332(a) and Payne moves to remand.

Diversity jurisdiction depends on complete diversity of citizenship and an amount in controversy exceeding $75,000.  *Northport Health Servs. of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010).  Because there is complete diversity, the only question is whether the preponderance of the evidence shows that the amount in controversy exceeds $75,000.  *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).  In making this determination, courts rely on the operative complaint at the time of removal.  *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789-90 (8th Cir. 2012).  Because the case has already been removed, it is too late for Payne to file a binding stipulation reflecting that he will not seek damages greater than $75,000.  *See Hargis v.*

*Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012). The amount in controversy is simply an estimate of the total amount in dispute, not an assessment of liability. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013).

Payne's motion to remand is denied because the record indicates that the amount in controversy exceeds $75,000. This is true because Payne is asserting compensatory damages in a sum equal to, or less than $75,000, and punitive damages. Should Payne receive compensatory damages in an amount "equal to" $75,000 and one dollar in punitive damages, his award will exceed the jurisdictional minimum.

For these reasons, Payne's motion to remand [Doc. No. 7] is denied.

IT IS SO ORDERED this 12th day of December 2014.

_____
UNITED STATES DISTRICT JUDGE