**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DON EARL PAYNE**                                                                                         **PLAINTIFF**

v.                                              **CASE NO: 3:14CV00213 BSM**

**ALVARO BALTAZAR et al.**                                                                      **DEFENDANTS**

## ORDER

Defendants' motion for partial summary judgment on punitive damages [Doc. No. 15] is granted. Defendants' motion for partial summary judgment on lost profits [Doc. No. 19] is denied.

### I. BACKGROUND

Viewed in the light most favorable to Don Earl Payne, the non-moving party, the material facts are as follows. Payne is the owner/operator of a tractor-trailer for which he is responsible for all operating expenses. On February 21, 2013, an accident occurred between Payne's tractor-trailer and a truck driven by Alvaro Baltazar. At the time of the accident, Payne was receiving payments for hauling TransOne's trailer. TransOne deducted certain expenses from Payne's payments. Payne filed this lawsuit against defendants Baltazar, Central Transport, Inc., and Central Transport, LLC, seeking damages, including punitive and lost profits. Defendants move for summary judgment on Payne's claims for punitive damages and lost profits.

### II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material

fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III.   DISCUSSION

A.   <u>Punitive Damages</u>

Summary judgment is granted on Payne's punitive damages claim because he concedes that the evidence does not support this claim. *See* Doc. No. 26.

B.   <u>Lost Profits</u>

Summary judgment is denied on Payne's lost profits claim because there is sufficient evidence in the record from which a jury could determine Payne's lost profits without speculation. Lost profits are recoverable as consequential damages. *Spann v. Lovett & Co.*, 389 S.W.3d 77, 91 (Ark. App. 2012). To recover lost profits a plaintiff must show profits with reasonable certainty and not leave the jury to speculate. *Ishie v. Kelley*, 788 S.W.2d

225, 226 (Ark. 1990). An award of lost profits would be conjectural if the plaintiff provides only gross rather than net amounts, and there is no basis from which a jury could reasonably infer the approximate net earnings. *Id*. Income tax returns, however, may be sufficient to assist a jury in determining net profits. *See Carson v. Hercules Powder Co.*, 402 S.W.2d 640, 642 (Ark. 1966) (federal income tax returns alone were properly admitted to assist the court in determining lost earnings). Defendants rely on *Kelley* in support of their contention that Payne's claim for lost profits is conjectural. This reliance is misplaced because, unlike the plaintiff in *Kelley*, Payne has produced income tax returns that provide enough information for a jury to determine whether he has indeed lost profits. *See* Ex. C, Doc. No. 19; Ex. D, Doc. No. 23; *Carson*, 402 S.W.2d at 642. Summary judgment is therefore inappropriate.

## IV.   CONCLUSION

For these reasons, defendants' motion for partial summary judgment on Payne's punitive damages claim [Doc. No. 15] is granted and that claim is dismissed with prejudice. Defendants' motion for partial summary judgment on Payne's lost profits claims [Doc. No. 19] is denied.

IT IS SO ORDERED this 10th day of August 2015.

_____
UNITED STATES DISTRICT JUDGE